IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARLON MIGUEL BROWN,

    Plaintiff,

vs.                               Case No. 4:15cv305-WS/CAS

JULIE JONES, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed a fourth amended civil rights complaint under 42 U.S.C. § 1983. ECF No. 34. Plaintiff has been directed on several occasions to file an amended complaint and the prior orders have explained the numerous deficiencies. *See* ECF Nos. 10, 16, 21, 28, and 32. Plaintiff's most recent complaint, ECF No. 34, is not an improvement. For example, Plaintiff's third amended complaint, ECF No. 31, was brought against six Defendants, and the current version of Plaintiff's complaint now is against eight Defendants. ECF No. 34. Plaintiff continues to name Defendants without providing a proper factual basis for the claim, and he names Defendants who are sued

on the basis of supervisory liability, despite being advised that he cannot do so.

The fourth amended complaint again presents Plaintiff's claim that in June 2014, he went to sick call to renew his "no shaving" pass. Defendant Williams determined that Plaintiff was "subject to the three shave policy before re-issuance of" the pass. ECF No. 34 at 7. It appears, although not clear, that this newly created policy requires an inmate to "shave with a razor for three days in a row to see if his face would bump up." *Id.* at 7-8. Plaintiff, having been diagnosed in 2008 with Pseudo Folliculitis Barbae (PFB), asserts that instead of placing him on a callout for the "three day face check," Defendants Gumbs, Elin, Hamilton, and Williams "did not give any attention to placing" Plaintiff on a call-out to examine his face and determine whether Plaintiff's no shave pass should be reissued. ECF No. 34 at 7. Plaintiff alleges having to wait seven weeks to be examined (until August 1, 2014), which he alleges caused harm to his face because he was required to shave without the no-shaving pass. *Id.* at 7-8.

As Plaintiff was previously informed, *see* ECF No. 32, these allegations are insufficient to state a claim because Plaintiff does not allege what caused the delay. If the delay in examining him was an oversight, a

mistaken, or a result of a Defendant's negligence, then these facts are insufficient to state a claim. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (stating that "[t]he inadvertent or negligent failure to provide adequate medical care" is not an Eighth Amendment violation). Plaintiff's claims against Defendants Williams, Elin, Gumbs, and Hamilton are conclusory and do not prevent facts which would support finding that the delay was a result of deliberate indifference. ECF No. 34 at 12-15.

An Eighth Amendment claim is insufficient unless a Defendant was deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 97 S. Ct. 285 (1976). The concept of deliberate indifference entails more than negligence, although there is no requirement that a defendant intend to cause harm. Farmer v. Brennan, 114 S. Ct. 1970 (1994). A plaintiff must show that a named defendant unnecessarily and wantonly inflicted pain or harm to a prisoner by depriving him of a basic human need. Wilson v. Seiter, 111 S. Ct. 2321 (1991). Put another way, "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986) (quoted in Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Thus, Plaintiff must allege that he has a serious medical need and provide

facts showing a defendant's "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)). Plaintiff's fourth amended complaint remains devoid of any allegations which show that either Defendants Gumbs, Elin, Hamilton, or Williams were deliberately indifferent to his medical needs because of the delay in examining him. Plaintiff was given sufficient opportunity to provide these factual allegations, but has not done so. Plaintiff also does not allege that he was unable to report to sick call on his own for a follow-up examination. Thus, it is recommended that the Eighth Amendment claims against Defendants Gumbs, Elin, Hamilton, and Williams be dismissed for failure to state a claim.

Plaintiff's claim against Defendant Julie Jones is also not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff contends that Secretary Jones is responsible for the operation of the Department's institutions and she consented to the "three shave policy." *Id.* at 9. There are no factual allegations presented which reveal the Secretary had any personal involvement in the delay between Plaintiff's request to renew his no shave

pass and his receipt of the pass. There are no allegations which show the Secretary issued a policy which caused Plaintiff harm. That is so because Plaintiff's harm was a result of persons not following the policy. Had Plaintiff been subjected to only the three-day delay in renewing the pass, it does not appear Plaintiff would have suffered injury of constitutional proportion. Although Plaintiff contends that even if he "were subjected to only a three-day delay, he still would have been injured, because the only remedy for Pseudo Folliculitis Barbae (PFB) is to grow a beard (not to shave) and" the three day delay caused the PFB "to inflame." ECF No. 34 at 16. The Eighth Amendment protects against a "risk of serious harm," but it does not mandate comfort and liability cannot be imposed solely because of an objectively improper delay. Farmer, 114 S. Ct. at 1979. Minor discomfort, temporary in nature, is insufficient to support an Eighth Amendment claim. Furthermore, the Eleventh Circuit Court of Appeals has indicated that PFB is not a "serious medical need." Shabazz v. Barnauskas, 790 F.2d 1536, 1538 (11th Cir.1986), cert. denied 107 S.Ct. 655 (1986), abrogated on other grounds by Harris v. Chapman, 97 F.3d 499 (11th Cir. 1996) (finding RFRA changed the standard of review in prisoner First Amendment cases).

In addition, Plaintiff's complaint as to Defendant Coker, the warden at Wakulla Correctional Institution Annex are insufficient for the same reasons. There are no allegations of personal involvement, and even if this Defendant could be said to be responsible for the shaving pass policy, Plaintiff was not harmed by application of the policy but, rather, because the policy was not employed.

Moreover, as Plaintiff has already been advised numerous times, prison officials cannot be named as Defendants and held responsible for the actions or inactions of other persons. The doctrine of respondeat superior or supervisory liability does not provide a basis for recovery in a civil rights case filed under § l983. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Srvcs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Although Defendants Jones and Coker are responsible for the operations of the prison system and a prison facility, respectively, they are not responsible for the actions or inactions of other prison staff unless staff were following a policy of that Defendant. Here, Plaintiff's allegations reveal staff did not follow the policy but, instead, improperly delayed examining Plaintiff. Accordingly, Plaintiff's claims

against Defendants Jones and Coker should also be dismissed for failure to state a claim.

Plaintiff has continued to name Corizon as a Defendant, but the facts do not reveal that compliance with the three day shaving policy, if it is fairly attributable to Corizon instead of Secretary Jones of Warden Coker, caused Plaintiff harm. The harm alleged came from a failure to comply with the policy. Plaintiff's claim against Corizon must also be dismissed for failure to state a claim.

Finally, Plaintiff has now added the Governor of the State of Florida as a Defendant. Plaintiff has not, however, provided any facts which show that Rick Scott has any involvement with the delay in issuance of Plaintiff's no shaving pass. The claim against Defendant Scott must be dismissed for failing to state a claim.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, ECF No. 34, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 26, 2016.

   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**